UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MAMADOU JOBE** | **CIVIL ACTION NO. 25-1391** |
| **VS.** | **SECTION P** |
| | **JUDGE JERRY EDWARDS, JR.** |
| **BRIAN ACUNA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Petitioner Mamadou Jobe, a detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement who petitions for a writ of habeas corpus under 28 U.S.C. § 2241, moves: (1) for an expedited deadline by which Respondents must respond to his petition; (2) to enjoin Respondents from transferring him to another detention facility "unless seventy-two (72) hour written notice of any movement is provided to Petitioner's Counsel"; and (3) to enjoin Respondents from removing him from the United States while this proceeding is pending. [doc. #s 10; 10-7].

**Law and Analysis**

**I. Expedited Briefing**

Petitioner relies on 28 U.S.C. § 2243, which provides in part, "The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, 28 U.S.C. § 2243 does not control. As one court aptly explained:

> [I]n 1976, the Supreme Court promulgated the Rules Governing Section 2254 Cases. Despite their title, these rules apply not only to Section 2254 cases, but they also state that "the district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]." District courts are

>therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241, such as Taylor's petition.
>
>The Supreme Court promulgated these rules pursuant to 28 U.S.C. § 2072. That section provides that "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and that nothing in Title 28 "shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court." 28 U.S.C. § 2072(a), (b). Although the statute provides that the rules shall not "abridge, enlarge, or modify any substantive right," *id.* § 2072(b), the right to a hearing petitioner seeks involves a procedural, not a substantive, right. Therefore, the Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.
>
>Numerous other courts have come to the same conclusion. *See, e.g.*, *Cluchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (holding that Rule 4 of the Rules Governing Section 2254 Procedures supersedes the strict scheduling requirements of 28 U.S.C. § 2243); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577-78 (N.D. Tex. 2001) (denying a motion for an expedited hearing under 28 U.S.C. § 2243 because Rule 8 of the Rules Governing Section 2254 Procedures supersedes the statute's requirements); *Romero v. Cole*, No. 16-148, 2016 WL 2893709, at *2 (W.D. La. 2018) ("[I]t is well settled that that the strict limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases."); *Kramer v. Jenkins*, 108 F.R.D. 429, 431-32 (N.D. Ill. 1985) (applying the same reasoning and finding the Section 2254 Rules govern in any conflict between the Section 2254 Rules and 28 U.S.C. § 2243). One court bluntly acknowledged that "[o]beying the explicit directives of Section 2243 is not possible." *In re Habeas Corpus Cases*, 216 F.R.D. 52, 54 (E.D.N.Y. 2001).

*Taylor v. Gusman*, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020); see *Y.V.S. v. Wolf*, 2020 WL 4926545, at *2 (W.D. Tex. Aug. 21, 2020).[1]

---

[1] *See also* RULES GOVERNING SECTION 2254 CASES, RULE 4, ADVISORY COMMITTEE NOTES ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, *e.g., Allen*, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.").

Rule 4 of the Rules Governing Section 2254 Cases governs. It provides in pertinent part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ." RULES GOVERNING SECTION 2254 CASES, RULE 4. Applying Rule 4 here, the Court declines to set a 3-day response time. Instead, under the circumstances, a 21-day response time is appropriate.

## II. Enjoining Transfer and Removal

As above, Petitioner seeks (i) to enjoin Respondents from transferring him to another detention facility "unless seventy-two (72) hour written notice of any movement is provided to Petitioner's Counsel" and (ii) to enjoin Respondents from removing him while this proceeding is pending. Similarly, Petitioner seeks "an order restraining the Respondents from transferring him to a location where he cannot reasonably consult with counsel, such a location to be construed as any location outside of the geographic jurisdiction of the day-today [sic] operations of U.S. Customs and Immigration's ('ICE') New Orleans Field Office of the Office of Enforcement and Removal Operations in the State of Louisiana." [doc. # 10-1, p. 4].

The Court, however, lacks jurisdiction to enjoin Respondents from removing him while this proceeding is pending. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) ("The relief sought by Idokogi in the district court is connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against him. The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.") (quoting *Humphries v. Various Federal USINS*

3

*Employees,* 164 F.3d 936, 943 (5th Cir.1999)); *see generally Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999).

As to Petitioner's requests to enjoin his transfer to another detention facility, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because "prisoners lack a constitutionally protected interest in where they are incarcerated."); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). A detainee has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000).

Citing 8 C.F.R. §§ 241.22 and 241.33(b), Petitioner requests "that Respondents be ordered to provide seventy-two (72) hour notice of any movement" of him pending the "adjudication of this Petition." [doc. # 10-1, p. 4]. Section 241.22, entitled "Notice to surrender for deportation," provides in relevant part, "An alien taken into custody . . . shall not be deported less than 72 hours thereafter without his or her consent thereto filed in writing with the district director in charge of the place of his or her detention." Here, Petitioner was taken into custody on March 17, 2025. [doc. # 1, p. 3]. As more than 72 hours have elapsed after he was taken into custody, section 241.22 is inapplicable.

Section 241.33(b), provides that an order of deportation "shall be executed no sooner than 72 hours after service of the decision . . . ." Here, an immigration judge ordered Petitioner

4

removed on November 10, 2011. [doc. # 1, p. 2]. Petitioner does not specify when he was served with that decision, but it was at least as early as 2014, when he appealed the decision. *Id.* As more than 72 hours have elapsed after he was served with the decision to order his removal, Section 241.33(b), is also inapplicable.

### Order

For reasons above, Petitioner Mamadou Jobe's motion, [doc. # 10], is **GRANTED IN PART AND DENIED IN PART**.   To the extent Petitioner seeks a response time shorter than the 60-day deadline set forth in the form summonses, the motion is **GRANTED** as detailed below.  The motion is **DENIED** in all other respects.

**IT IS ORDERED** that Respondents file a response to the Petition within **21 days** of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that Petitioner shall have **7 days** following the filing of Respondents' response to file a reply.

When the record is complete, the Court will determine the necessity of an evidentiary hearing.

In Chambers, Monroe, Louisiana, this 12th day of December, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge